UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**GARY LEWIS,**

**Plaintiff,**

     v.

**TRAVELERS INDEMNITY
COMPANY,**

**Defendant.**

**Case No. 1:23-cv-585**

**JUDGE DOUGLAS R. COLE**

<u>**OPINION AND ORDER**</u>

Plaintiff Gary Lewis initially sued Travelers Indemnity Company (Travelers) in state court. But Travelers removed the case to this Court on September 15, 2023. Now, nearly a year-and-a-half later, Lewis moves to remand the case. For the reasons stated more fully below, the Court **GRANTS** Lewis's Motion to Remand (Doc. 9), and **REMANDS** this action to state court.

**BACKGROUND**

The alleged facts are straightforward. In February 2023, a storm damaged the roof, gutters, and downspouts of Lewis's home. (Compl., Doc. 4, #27). Lewis thus notified Travelers, his insurer, of the damage and requested indemnification for necessary repairs and replacements. (*Id.*). But Travelers denied his claim. (*Id.*).

That prompted Lewis to sue Travelers in the Hamilton County Court of Common Pleas on state-law claims for breach of contract, breach of the implied duty of good faith and fair dealing, and bad faith. (*Id.* at #28–31; *see also* Doc. 1-1).

On September 15, 2023, Travelers removed the case to this Court. (Notice of Removal, Doc. 1). In its Notice of Removal, Travelers stated that removal was proper because this Court has original diversity jurisdiction over the case. Travelers noted that it is a Connecticut citizen, and that Lewis is an Ohio citizen, thus satisfying 28 U.S.C. § 1332(a)'s complete diversity requirement. (*Id.* at #2). And it averred that Lewis's Complaint seeks more than $75,000 in damages, which meets § 1332(a)'s amount in controversy requirement. (*Id.*).

Lewis, however, disagrees that this Court is an appropriate forum and moves to remand the case to state court. He says the Court does not have diversity jurisdiction because the amount in controversy does not plausibly exceed $75,000. (Doc. 9, #155).

Travelers did not respond by the deadline the local rules impose. *See* S.D. Ohio Civ. R. 7.2(a)(2). That is perhaps due to Travelers' understanding that the Court would remand the case based purely on Lewis's "stipulation" that the damages did not exceed $75,000, which it raised when court personnel contacted Travelers' counsel to see whether a response to the motion for remand would be forthcoming. In any event, the matter is ripe for review.

## LEGAL STANDARD

A motion to remand challenges the Court's subject-matter jurisdiction over the dispute removed from state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). A party may remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C.

§ 1441(a). The defendant, as the removing party, bears the burden of proving that the federal court has jurisdiction in response to a motion for remand. *Eastman*, 438 F.3d at 549. The Court's determination of its jurisdiction over the removed action is limited to the legal bases the removing defendant asserted in its timely filed notice of removal. *Miller v. Adamo Grp.*, 1:22-cv-14, 2022 WL 1013090, at *3 (S.D. Ohio Apr. 5, 2022); 28 U.S.C. § 1446(a) (explaining that the removing party must file "a notice of removal … containing a short and plain statement of the grounds for removal"). In evaluating the asserted grounds for removal, a district court is not limited to the factual allegations in the complaint. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1087 n.11 (6th Cir. 2010). Rather, it enjoys wide discretion in the evidence it may review to assess its subject-matter jurisdiction. *Id.* But despite that latitude, "removal jurisdiction is assessed based on the facts as they existed at the time of removal." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022).

## LAW AND ANALYSIS

As noted, in its Notice of Removal, Travelers asserted that this action is properly in federal court based on diversity jurisdiction. A party asserting diversity jurisdiction must make two showings: (1) that the parties are completely diverse, and (2) that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). No one disputes the citizenship element.[1] Rather, Lewis argues that the amount in

---

[1] Travelers claims that its state of incorporation and principal place of business are Connecticut. (Doc. 1, #2; *see also* Doc. 4, #26). Lewis is an Ohio citizen. (Doc. 4, #26). So it appears the parties are completely diverse.

controversy element is lacking. He claims that his contractor estimates $11,221.71 in property repairs. (Doc. 9, #155). And even if a jury did award punitive damages—which Lewis requested in his Complaint—the total damages would still not plausibly exceed the $75,000 threshold. (*Id.*).

The Court agrees. Travelers, as the removing party, bears the burden "to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526–27 (6th Cir. 2018) (cleaned up). In other words, Travelers must "show that it is more likely than not that [Lewis's] claims exceed $75,000." *Id.* at 527 (cleaned up). But it failed to make that showing. For starters, in its Notice of Removal, Travelers baldly stated that Lewis's "Complaint seeks monetary damages in excess of $75,000, plus attorney fees, punitive damages, interest, and costs." (Doc. 1, #2). The problem, though, is that the Complaint only states that "the amount in controversy exceeds $25,000." (Doc. 4, #26). That open-ended number derives from Ohio's Rules of Civil Procedure, which direct plaintiffs to state only that the damages sought exceed $25,000 and to omit the precise damages demand. *See* Ohio R. Civ. P. 8(A). But in any event, Travelers offered no explanation to bridge the gap between the in-excess-of-twenty-five-thousand-dollars amount Lewis pleaded and the more-than-seventy-five-thousand-dollars amount that § 1332(a) requires.

Furthermore, Travelers didn't file any opposition to Lewis's motion.[2] So the Court is left to its own devices in analyzing whether the amount in controversy exceeds $75,000. Based on the Complaint, it appears that three things could bear on the amount-in-controversy calculation: compensatory damages, punitive damages, and attorney's fees.

Start with the damages. It appears that Lewis's compensatory damages amount to $11,221.71, as that is the estimated cost of storm-related repairs. (Doc. 9, #155). Of course, that alone does not satisfy the amount-in-controversy element. But Lewis also seeks punitive damages, which the Court must consider when determining the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 471 (6th Cir. 2019) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Recall that Lewis asserts claims for breach of contract, breach of the implied duty of good faith and fair dealing, and bad faith. Under Ohio law, plaintiffs generally cannot recover punitive damages for breach of contract claims. *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 468 (Ohio 2018). But Ohio law does permit a plaintiff to recover punitive damages against an insurer who acts in bad faith. *Crawford v. Am. Fam. Ins. Co.*, 2024-Ohio-5345, ¶ 53 (2d Dist.). Those punitive damages, however, cannot exceed two times the amount of any compensatory damages received. Ohio

---

[2] In its Notice of Removal, Travelers noted that Lewis had "incorrectly identified [Travelers] as the entity that issued a policy of insurance" to him. (Doc. 1, #2). And in a later telephonic status conference with the Court, Traveler's counsel suggested that it was the incorrect entity and would need corrected. (*See* 10/31/23 Min. Entry). But the Court has heard nothing on that front in nearly a year-and-a-half. So the Court will assume either that Travelers no longer wishes to make that correction or that it will move to do so in state court after remand.

Rev. Code § 2315.21(D)(2)(a); *see also Lucarell*, 97 N.E.3d at 468. Here, then, Lewis could theoretically obtain around $22,443.42 in punitive damages. But even that, when combined with the $11,221.71 compensatory damages would total only $33,665.13—less than half of the $75,000 threshold. All told, then, Travelers has failed to show that it is more likely than not that Lewis's combined compensatory and punitive damages could exceed $75,000.

Turn to attorney's fees. The Court need not consider attorney's fees when determining the amount in controversy unless a contract provides for them or a statute either mandates or expressly allows them. *Heyman*, 781 F. App'x at 473 (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). Neither Travelers nor Lewis has highlighted a contract or statute that mandates or expressly allows for attorney's fees here. So the Court will exclude them from the amount-in-controversy calculation. *Khalifa v. PNC Bank, Nat'l Ass'n*, No. 2:22-cv-3308, 2023 WL 2974562, at *3 (S.D. Ohio Apr. 17, 2023) (collecting cases).

All told, without the benefit of any briefing from Travelers (which has thus forfeited any arguments it otherwise could have made), the Court's best guess is that the amount in controversy falls somewhere around $34,000 when considering compensatory and (potential) punitive damages. Travelers thus failed to meet its burden in showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. And especially given that any doubts concerning removal "should be resolved in favor of remand," *Petties v. Kindred Healthcare, Inc.*,

366 F. Supp. 2d 636, 639 (W.D. Tenn. 2005), the Court concludes that this case belongs in state court.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff Gary Lewis's Motion to Remand (Doc. 9), and **REMANDS** this action to the Court of Common Pleas for Hamilton County, Ohio. The Court **INSTRUCTS** the Clerk to **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

March 6, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**